Ouria, fer

Johnson, J.
The question in this case is, whether the declarations of the defendant, tending to establish the first marriage, and supported by proof of long cohabitation, were admissible in evidence.
The objection to their admissibility is founded in the Universally received rule, that, in prosecutions of this sort, actual marriage must be proved, and hence it is concluded that the declarations of the party are inadmissible; and in effect, the positions taken maintained that no evidence short of that of an eye-witness is sufficient.
The rule is as the counsel contend, but the deductions drawn from it are not, I think, supported by the authorities, or founded in reason. Proof consists of those facts or circumstances which, when taken either separately or collectively, satisfy the mind as to the truth of the fact to be established, and is made up either by the positive evidence of an eye-witness, or by a concatenation and combi *436 nation of such circumstances as lead the mind to the same conclusion ; and in the commentaries on these species of evidence, under the divisions of positive and presumptive proof, the books have, and I think not without reason, placed the latter on an equal, if not higher, footing than the former. A single witness, although he swear positively, may be mistaken, or he may be corrupt, but facts and circumstances derived from a variety of sources,-exhibited at various times and places, and testified to by different witnesses, and which, when taken together, lead to the conviction of the truth of the fact, are less liable to misconception, and to the influence of corruption.
I have turned the question through my mind, with a degree of interest suited to the importance of the case, and I have been unable to call up any case in which it is required that the fact must be proved by an eye-witness, and I believe none such can be found ; and the result of my reflections are, that the rule is intended only to define the crime of poligamy, and not to regulate the mode of proof. Actual marriage must be proved, but it may be proved by circumstances as well as by an eye-witness. Let us take, by way of illustration, the crime of murder. It consists in taking away the life of a reasonable being, with malice aforethought. To establish guilt, two facts must be proved: 1. The killing, and 2dly, malice; and the necessity of proving these facts, is at least as imperious as the fact of marriage in the case of poligamy ; and I think it may be safely avered, that it never yet entered into the mind of any one, that they could not be proved by presumptive evidence. The declarations of the defendant, and the fact of cohabitation for fourteen or fifteen years, were therefore admissible, as circumstances tending to prove the fact of marriage.
Mary Norwood's case, reported in 1 East C. L. 337, and cited in Russ, on Cr. 283, which was a case of petit treason, and with respect to which the same rule prevails, is, I think, in point, and in accordance with the principle. She was convicted and executed on proof of her declarations admitting the marriage, and the fact of cohabitation.
*437 Let it be remembered, however, that in England the rule is applied in the manner contended for by the counsel, and yet I would hold that it is inapplicable to the state of things existing in this country. There marriage is regulated by law, and almost every marriage is publicly celebrated, and becomes quasi a matter of record, and is susceptible of a higher degree of proof than is generally attainable here. In this country they are celebrated in comparative privacy, and the service is performed by all the magistrates in the country, and by all the clergy of every grade and every denomination, and except in the Protestant Episcopal church, it is believed that no register of marriages is preserved. Our population consists, too, of emigrants from all the States, and from every quarter of the globe — consisting of persons apparently standing in the relation of husband and wife, and to establish a rule that their declarations and cohabitation should not be evidence of that relationship, would be to unloose the bands, and bastardize the issue of a considerable portion of the citizens of this State, who are respectable on account of their numbers, their wealth and characters. Motion refused.
Nott and Colcock, JJ. concurred.